UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Qiana Quinn,

                Plaintiff,                Case No: 15-10653

v.                                                Hon. Victoria A. Roberts

Henry Ford Health System,

                Defendant.
_____/

**ORDER GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT [ECF NO. 16]**

**I.    Introduction**

Plaintiff Qiana Quinn filed a Complaint alleging discrimination and retaliation based on pregnancy. Almost a year later, Quinn filed this Motion to Amend Complaint. Amendments were discussed by the parties during a telephone conference held on February 26, 2016. Defendant does not object to certain proposed amendments. Defendant does object to the following proposed changes: (1) add (Count 5) Michigan's Whistleblowers' Protection Act Claim ("WPA"), MCL § 15.361 *et seq.*; and, (2) amend (Count 1) Title VII discrimination, and (Count 2) Title VII retaliation. Quinn also proposes to add allegations pertaining to a parking accommodation and an allegedly illegal Law Enforcement Information Network ("LEIN") check.

Quinn's Motion to Amend is **GRANTED**.

**II.    Background**

    **A.    Facts**

Quinn filed two charges with the Equal Employment Opportunity Commission

1

("EEOC").  The First Charge, No. 471-2014-02481, was filed on June 20, 2014.  It alleged denial of a job position after Quinn informed Defendant that she was pregnant. Quinn checked the following boxes on the first charge: "sex," "retaliation" and "other – pregnancy."  The EEOC issued a right to sue letter on the First Charge on December 10, 2015.  Defendant says Quinn had 90 days to file a lawsuit based on sex, pregnancy discrimination, and retaliation.

The Second Charge No. 471-2015-00246 was filed on November 14, 2014.  It alleges disability discrimination based on tickets issued for parking in the disabled patient parking area. The EEOC issued a right to sue letter on the Second Charge on November 26, 2014.

When Quinn filed her Complaint in February 2015, she had only received a right to sue letter on the Second Charge.  Nonetheless, the Complaint almost wholly focuses on discrimination based on pregnancy described in the First Charge; it does not discuss disability discrimination or the parking dispute.

Quinn says she filed her Complaint thinking the November 26, 2014 right to sue letter was for both the parking dispute and the pregnancy dispute.  The Complaint contained four counts: (Count 1) Title VII - Gender/Pregnancy Discrimination; (Count 2) Title VII - Retaliation; (Count 3) Elliot-Larsen Civil Rights Act - Discrimination; and (Count 4) Elliot-Larsen Civil Rights Act - Retaliation.

Quinn received the right to sue on the First Charge in December, 2015; she filed this Motion to Amend Complaint on February 18, 2016.   While this Motion was pending, Quinn filed a new case (Case No. 2:16-cv-10845-VAR-RSW) to preserve her rights concerning her allegations in the First Charge.

2

### B.     Stipulated to Amendments

Defendant does not object to the following amendments:

- Adding (Count 6) Michigan Persons with Disabilities Civil Rights Act - discrimination

- Adding (Count 7) Michigan Persons with Disabilities Civil Rights Act - failure to accommodate/retaliation

- Amending (Count 3) - Elliot-Larsen Civil Rights Act - discrimination to add ¶¶ 43-44.

- Amending (Count 4) Elliot-Larsen Civil Rights Act - retaliation to add ¶ 53.

### C.     Disputed Amendments

Defendant objects to:

- Proposed new (Count 5) Whistleblowers' Protection Act

- Amendment to (Count 1) Title VII - Gender/Pregnancy Discrimination

- Amendment to (Count 2) Title VII - Retaliation.

Defendant says these amendments are futile because they are untimely, the Court lacks subject-matter jurisdiction and the new allegations are not within the scope of the matters originally pled.

### III.    Legal Standard

Leave to amend under Fed. R. Civ. P. 15(a) must be freely granted when justice requires.  However, leave to amend can be denied for good reason, such as undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  "A proposed amendment is futile if the amendment could not

withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).

## IV.   Discussion

### A.   Proposed Count 5: Whistleblower's Protection Act

Defendant says proposed Count 5 is time barred because Quinn did not file a complaint or move to amend within 90 days after the occurrence of the alleged violation.

Quinn says there is no statute of limitations issue because Count 5 is based on the same "conduct, transaction or occurrence" as the original pleading and as such, relates back to the date of the original Complaint.

Any person alleging a violation of the WPA has ninety days to file a civil action. MCL §15.363(1).  However, whether new allegations in an amended complaint relate back to an earlier complaint is determined by Fed. R. Civ. P. 15(c) which says in part:

> An amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading.

Quinn says Count 5 is merely a new legal theory based on conduct that is already the subject matter of the Complaint.

Fed. R. Civ. P. 15 (c) does not define "conduct, transaction or occurrence" but the inquiry is whether the party asserting the statute of limitations defense has been put on notice that he could be called to answer for the allegations in the amended complaint.  *Hall v. Spencer Cty., Ky.*, 583 F.3d 930, 934 (6th Cir. 2009) (citations omitted).  The rule is "one of liberality rather than technicality." *Id.*   Even a new legal theory is permissible as long as it arises out of the same transaction or occurrence. *Id.*

The Second Charge says Quinn was issued a ticket for parking in the disabled patient parking area. Quinn says she asked for parking accommodations on multiple occasions.

Quinn eventually received parking privileges; the proposed amendment says on September 2, 2015, Defendant suspended Quinn's parking privileges in retaliation for her protected activity. Quinn does not identify the protected activity.

In Count 5, Quinn alleges the parking arrangement was necessary because of her sickle cell anemia and complications from pregnancy.

According to the proposed amendment, on September 12, 2013, Defendant allegedly ran an illegal LEIN check on Quinn because she was parking in a disabled parking spot. On November 3, 2015, Quinn's parking privileges were reinstated for six months. Quinn says Defendant specifically mentioned the current lawsuit as the reason parking was reinstated.

The original Complaint only mentions pregnancy; it does not mention a disability or parking. However, paragraph 19 says "Plaintiff was improperly subjected to different work conditions based on her gender, pregnancy and/or sex." The question is whether "different work conditions" is broad enough to include parking. Applying the liberal standard of Fed. R. Civ. P. 15, it is.

When the original Complaint was filed, Quinn had received a right to sue letter for the Second Charge which alleged she was issued an illegitimate parking ticket for parking in the disabled parking area. Quinn is correct that under cases such as *Hall*, 583 F. 3d at 934, the dispute over parking is based on the same nexus of facts and actions as the original Complaint because they both allege claims based on

5

discrimination that was based in part on pregnancy. Although the Second Charge does not specifically mention pregnancy, to preclude Quinn from bringing the claim requires a technical application of the rules that goes against the liberal intent of Rule 15. These allegations are not so unrelated that Defendant would not be on notice of these additional allegations.

Quinn is allowed to amend her Complaint to add Count 5.

### B.     Amendments to Counts 1 and 2

Quinn seeks to amend Counts 1 and 2 of her Complaint to add allegations that she experienced discrimination and retaliation because of her pregnancy. Specifically, Quinn seeks to add allegations that she: (1) requested a parking accommodation in part because of her pregnancy; (2) Defendant did an illegal LEIN check on her car; and (3) the failure to accommodate her parking needs and the LEIN check were done in retaliation because she engaged in protected activity by informing Defendant she was pregnant and by complaining about illegal discrimination based on her pregnancy.

Defendant says any amendment to Counts 1 and 2 to add allegations based on pregnancy is futile because these claims do not arise out of Quinn's Second Charge based on disability. Defendant says the purpose of filing a charge of discrimination is to allow the EEOC to investigate and attempt to comply with the law. As such, Quinn should not be allowed to assert a claim outside the scope of the EEOC charge. This claim fails; Quinn's claims of discrimination in parking and the subsequent LEIN check are sufficiently based on the allegations in the Second Charge.

"The purpose of filing a charge of discrimination is to trigger the investigatory and conciliatory procedures of the EEOC. An EEOC charge notifies potential defendants of

the nature of a plaintiff's claims and provides the opportunity for the parties to settle claims before the EEOC instead of litigate them." *Cleveland Branch, N.A.A.C.P. v. City of Parma, OH*, 263 F.3d 513, 534 (6th Cir. 2001). Although a plaintiff is precluded from asserting a claim that is not within the scope of the EEOC charge, many courts refuse to narrowly construe the charge if it would prevent a plaintiff from bringing the claim. *Id.* A plaintiff's discrimination claim may include claims reasonably expected to grow out of the charge. *Id.*

Lastly, Defendant's argument that the Court lacks subject matter jurisdiction is without merit. Exhaustion is not jurisdictional. *Hill v. Nicholson*, 383 F. App'x. 503, 508 (6th Cir. 2010) (unpublished).

Quinn filed another lawsuit to protect any rights she may have on the First Charge. That case is assigned to this Court and would need to be separately litigated or consolidated with this case. It is the Court's preference to handle all of Quinn's allegations in one lawsuit. This is another reason to grant Quinn's motion. With the entry of this order, Quinn is required to dismiss Case No. 16-cv-10845.

**V. Conclusion**

Quinn's Motion to Amend is **GRANTED**. The Amended Complaint must be filed by **May 9, 2016**.

**IT IS ORDERED.**

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: May 2, 2016

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on May 2, 2016.

s/Linda Vertriest
Deputy Clerk