UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

QIANA QUINN,

    Plaintiffs,

v.

HENRY FORD HEALTH SYSTEM,

    Defendant.

_____/

Case No. 15-10653
Honorable Victoria A. Roberts

## ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION [Doc. 53]

On December 22, 2016, the Court entered an order granting in part Henry Ford Health System's ("HFHS") motion for summary judgment and denying Qiana Quinn's motion for summary judgment. Quinn's claims for pregnancy discrimination and pregnancy retaliation under Title VII and Michigan's Elliott-Larsen Civil Rights Act ("ELCRA") – Counts 1-4 in the second amended complaint – survived summary judgment. HFHS moves for reconsideration, arguing that the Court should dismiss these remaining claims. [Doc. 53].

Local Rule 7.1(h)(3) provides the Court's standard of review for a motion for reconsideration:

> Generally, and without restricting the court's discretion, the court will not grant motions for ... reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. LR 7.1(h)(3). Palpable defects are those which are "obvious, clear, unmistakable, manifest or plain." *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d

731, 734 (E.D. Mich. 2002). "It is an exception to the norm for the Court to grant a motion for reconsideration." *Maiberger v. City of Livonia*, 724 F. Supp. 2d 759, 780 (E.D. Mich. 2010). "[A]bsent a significant error that changes the outcome of a ruling on a motion, the Court will not provide a party with an opportunity to relitigate issues already decided." *Id.*

HFHS says the Court committed two palpable defects: (1) the Court used the wrong standard for Quinn's discrimination claims – i.e., the Court compared Quinn to a person whose ability to work or not work was not similar to Quinn's; and (2) Quinn's action of informing Ruffin she was pregnant did not constitute protected activity for purposes of her retaliation claims.

HFHS's first alleged defect pertains to Counts 1 and 3, pregnancy discrimination, and is baseless. Although Quinn's counsel compared Quinn to Marsack – whose ability to work was not similar to Quinn's – the Court did not adopt this standard as HFHS asserts. The Court found that Quinn's discrimination claims survived summary judgment because genuine issues of material fact existed which would allow a reasonable jury to conclude that Ruffin rescinded the promotion because Quinn was pregnant in violation of Title VII and the ELCRA. If the jury believes Quinn's presentation of the facts, Marsack and her abilities would not be relevant.

HFHS's second argument pertains to Counts 2 and 4, retaliation, and is correct: as a matter of law, simply informing Ruffin she was pregnant does not constitute a protected activity under Title VII or the ELCRA. Although HFHS argued generally in its motion for summary judgment that Quinn did not engage in protected activity, it did not specifically contend that Quinn's act of informing Ruffin she was pregnant was not a

2

protected activity. Nevertheless, the Court finds it appropriate to address this argument at this juncture. To assure Quinn was not prejudiced, the Court allowed her to respond. The matter is fully briefed.

In order to make a prima facie case of retaliation, Quinn must show that: (1) she engaged in protected activity; (2) HFHS knew she exercised her civil rights; (3) HFHS took an adverse employment action against her; and (4) there was a causal connection between her exercise of protected activity and the adverse employment action. *Wasek v. Arrow Energy Servs.*, Inc., 682 F.3d 463, 468-69 (6th Cir. 2012).

"Under Title VII, there are two types of protected activity: participation in a proceeding with the Equal Employment Opportunity Commission ("EEOC") and opposition to an apparent Title VII violation." *Id.* at 469. *See also* 42 U.S.C. § 2000e–3(a) ("It shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."). Retaliation under the ELCRA is materially the same as under Title VII. *See* Mich. Comp. Laws § 37.2701(a).

Quinn's act of telling Ruffin she was pregnant does not constitute opposing an unlawful employment practice, and she did not file an EEOC complaint until well after Ruffin made the employment decision. As a matter of law, Quinn did not engage in protected activity when she told Ruffin she was pregnant.

In response to HFHS's motion for reconsideration, Quinn says she "opposed Ms. Ruffin's stated predisposition to not promote her, in violation of Title VII and ELCRA

3

because [she] was pregnant, by requesting to be promoted despite being pregnant." [Doc. 70, PgID 2012]. This sets forth an arguable claim of retaliation. Viewing the facts and all reasonable inferences in the light most favorable to Quinn, a reasonable jury could find that: (1) after Ruffin told Quinn that her pregnancy threw "a little curve in the thing," Quinn contacted or attempted to contact Ruffin multiple times requesting to be promoted despite being pregnant (i.e., protected activity); and (2) because Quinn requested to be promoted despite being pregnant, Ruffin rescinded the promotion and/or did not offer her the position (i.e., adverse action and causal connection).

Although Quinn did not specifically plead these allegations in her second amended complaint, the Court construes Quinn's response liberally as an amendment to her pleading; this is appropriate considering HFHS did not raise this particular argument in its motion for summary judgment, and because discovery arguably supports this claim of retaliation. *See* Fed. R. Civ. P. 15(a)(2) ("a party may amend its pleading . . . with . . . the court's leave. The court should freely give leave when justice so requires."). *See also* Rule 15(b)(1) ("If, at trial, a party objects that evidence is not within the issues raised in the pleadings, the court may permit the pleadings to be amended. The court should freely permit an amendment when doing so will aid in presenting the merits and the objecting party fails to satisfy the court that the evidence would prejudice that party's action or defense on the merits.").

The Court **DENIES** HFHS's motion for reconsideration [Doc. 53].

**IT IS ORDERED**.

                                               S/Victoria A. Roberts
                                               Victoria A. Roberts
                                               United States District Judge

Dated: January 18, 2017

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on January 18, 2017.

s/Linda Vertriest
Deputy Clerk